IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SAUNDRA DENISE BUNDY,

    Plaintiff,

v.                                             No. 14-1337

MADISON COUNTY, TENNESSEE,

    Defendant.

___

ORDER DENYING PLAINTIFF'S MOTION TO AMEND
___

Before the Court is Plaintiff, Saundra Denise Bundy's ("Bundy"), motion to file an amended complaint, to which Defendant, Madison County, Tennessee ("Madison County" or "County"), has responded. (Docket Entries ("D.E.") 20, 24.) For the reasons discussed below, the motion is DENIED.[1]

*Background*

On December 12, 2014, Bundy brought suit alleging violations of her rights under the First Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983, and for retaliatory discharge resulting from the filing of an on-the-job-injury claim ("OJI") under the Tennessee Public Protection Act ("TPPA") and Tennessee common law. (D.E. 1.) Madison County moved to dismiss some of the claims. (D.E. 13.) Plaintiff now seeks leave to amend the complaint to add a negligent supervision claim against Defendant under the Tennessee Governmental Tort Liability Act ("TGTLA"), Tenn. Code Ann. § 29-20-101, *et seq*. (D.E. 20-2 at 1–2.)

---
[1] The parties also addressed Plaintiff's motion to amend in their response and reply briefs to Defendant's motion to dismiss. (*See* D.E. 21 *and* 23.) The Court has considered those arguments in deciding this motion.

*Legal Standard*

Rule 15 of the Federal Rules of Civil Procedure directs that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Among the factors to be considered include whether the amendment would be futile. *Williams v. City of Cleveland*, 771 F.3d 945, 949 (6th Cir. 2014). When a court denies a party leave to amend based on futility, it is determining that the proposed amendment "'could not withstand a Rule 12(b)(6) motion to dismiss.'" *Id.* (quoting *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)). Courts must construe the proposed amended complaint "in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)).

Therefore, the dispositive question becomes whether a plaintiff's proposed amended complaint contains "'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Williams*, 771 F.3d at 949 (quoting *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014)). Rule 8 of the Federal Rules of Civil Procedure sets out a liberal pleading standard, requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "'[c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice.'" *Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 652 (6th Cir. 2014) (quoting *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007)). The proposed amended complaint "must go beyond 'labels and conclusions' or a mere 'formulaic recitation of the elements of a cause of action,'" to survive a motion to dismiss. *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 355 (6th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

*Analysis*

**I.     Futility of Amendment**

   *A.     Negligent Supervision Claim*

The County insists that Bundy has failed to state a negligent supervision claim that satisfies Federal Rule of Civil Procedure 8(a) and the United States Supreme Court's dual holdings in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (D.E. 24 at 1–2.) Defendant contends that the proposed amended complaint sets forth a formulaic recitation of the elements of a negligent supervision claim that lacks factual support. (*Id.* at 2.)

Under the terms of the TGTLA, governmental entities like Madison County are "immune from suit for any injury which may result from the activities of such governmental entities[.]" Tenn. Code Ann. § 29-20-201(a). This broad rule of immunity codified by the Tennessee legislature is "subject to statutory exceptions in the [TGTLA's] provisions." *Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d 73, 79 (Tenn. 2001). One such exception is the general waiver of immunity from suit for personal injury claims under Tenn. Code Ann. § 29-20-205, which states that "[i]mmunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment . . . ."

However, a retaliatory discharge claim "'is by its very nature an action based on the intent of the employer to discharge the employee for availing [herself] of the statutory remedy under the workers' compensation statutes. . . . [and] would not be a negligent act or omission and immunity would not be removed at all.'" *Baines v. Wilson Cnty.*, 86 S.W.3d 575, 579 (Tenn. Ct.

App. 2002) (quoting *Montgomery v. Mayor of City of Covington*, 778 S.W.2d 444, 445 (Tenn. Ct. App. 1988)). However, the *Baines* court noted that

> [a]nother basis for liability of the government when an intentional tort is involved has been found to exist in specific situations. In some cases, plaintiffs have sued local governmental entities alleging that independent acts of negligence on the part of government employees led to, contributed to, or allowed injuries directly resulting from intentional acts. Those cases involve interpretations of another part of the GTLA. The removal of immunity for injury proximately caused by a negligent act or omission of any employee is subject to specific exceptions, including where the "injury arises out of" enumerated intentional torts. Tenn. Code Ann. § 29-20-205(2).

*Id.* at 580. Retaliatory discharge is not one of the enumerated intentional torts listed in Tenn. Code Ann. § 29-20-205(2) that would allow the County to retain its immunity even if it, acting through its employees, was negligent in permitting another employee to intentionally harm a plaintiff. *See id.* at 581.

Under Tennessee law, a plaintiff "may recover for negligent hiring, supervision, or retention of an employee if she establishes, in addition to the elements of a negligence claim, that the employer had knowledge of the employee's unfitness for the job." *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 755 (6th Cir. 2014) (citing *Doe v. Catholic Bishop for Diocese of Memphis*, 306 S.W.3d 712, 717 (Tenn. Ct. App. 2008)). "A negligence claim requires proof of a duty of care owed to the plaintiff, breach of that duty by the defendant, injury or loss, actual causation, and proximate causation." *Brown v. Bd. of Educ. of Shelby Cnty. Schs.*, 47 F. Supp. 3d 665, 685 (W.D. Tenn. 2014) (citing *Lourcey v. Estate of Scarlett*, 146 S.W.3d 48, 52 (Tenn. 2004)). Establishing the employer's knowledge of an employee's unfitness for the job requires the plaintiff to show that "the employer knew, or by the exercise of reasonable care might have ascertained, that the employee or independent contractor was not qualified to perform the work for which he was hired." *Davis v. Covenant Presbyterian Church*, No. M2013-02273-COA-R3-

CV, 2014 WL 2895898, at *8 (Tenn. Ct. App. June 23, 2014) (citing *Marshalls of Nashville, Tenn., Inc. v. Harding Mall Assocs., Ltd.*, 799 S.W.2d 239, 243 (Tenn. Ct. App. 1990)).

In support of her negligent supervision claim, Plaintiff states that she filed an OJI claim after suffering a left shoulder injury while working in Defendant's jail on May 9, 2014. (Proposed Am. Compl. ¶ 14, D.E. 20-1.) Bundy alleges that the Sheriff, Lieutenant Petty, and/or other of Defendant's unnamed policy makers and employees instigated a criminal investigation into the legality of the OJI claim, which resulted in her suspension from work without pay. (*Id.* ¶¶ 16–17.) Plaintiff asserts that she has been constructively discharged in retaliation for filing the OJI claim because she has not been allowed to return to work, even though the criminal charges were not pursued. (*Id.* ¶¶ 17–19.) In paragraph 18 of the proposed amended complaint, she alleges that

> the County Mayor, Sheriff and other of the Defendant's high level officials knew, or in the exercise of reasonable diligence should have known, that Plaintiff's supervisors began an ongoing and continuous pattern of retaliation against the Plaintiff for having filed an OJI claim and were negligent in failing to supervise, train, discipline, and retain the employees responsible for the retaliation. Plaintiff avers that the adverse employment actions she suffered as alleged herein were the reasonably foreseeable result of this negligence.

(*Id.* ¶ 18[2].) Plaintiff further contends that

> the Defendant owed her a duty to realize, prevent, and/or protect Plaintiff from the harm that its officials, employees, and/or agents presented to and inflicted upon Plaintiff in retaliation for having submitted a claim for OJI benefits and for engaging in free speech. Plaintiff further alleges that the Defendants (sic) owed her a duty to adequately supervise and train its officials, employees, and/or agents in order to prevent and protect Plaintiff from the harm inflicted in this matter. Plaintiff avers that the Defendant, acting through the Mayor, Sheriff and other high ranking officials of the Defendant negligently failed to supervise, train, discipline and retain the employees responsible for the retaliation against the Plaintiff as set out above. Plaintiff avers that the adverse employment actions she suffered as alleged herein were the reasonably foreseeable result of this negligence.

---

[2] This citation is to the second paragraph numbered "18" in Plaintiff's proposed amended complaint.

5

(*Id.* ¶ 31.) As a result of the County's negligent supervision, Bundy contends that "she suffered retaliatory prosecution and constructive discharge from her employment." (*Id.* ¶ 32.)

Plaintiff has not pled a negligent supervision claim that is "'plausible on its face,'" with "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Garcia v. Fed. Nat'l Mortg. Ass'n*, ___ F.3d ____, No. 14-1687, 2015 WL 1529012, at *2 (6th Cir. Apr. 7, 2015) (quoting *Twombly*, 550 U.S. at 570 and *Iqbal*, 556 U.S. at 678). Bundy has failed to set forth facts explaining how it was foreseeable to Defendant, acting through the Sheriff, to know that some of his employees were not qualified when they allegedly engaged in the activities that resulted in Plaintiff's constructive discharge. Her general allegation of negligent supervision on the part of the County, (Proposed Am. Compl. ¶ 18[3]), is a legal conclusion not supported by factual content. *See Thompson*, 773 F.3d at 755 (affirming the district court's dismissal of the plaintiff's negligent supervision claim because the plaintiff failed to allege any specific negligent behavior on the part of the defendant).

Further, Bundy claims that the Sheriff participated in the intentional acts that resulted in her constructive discharge, and was also negligent in supervising himself and those same employees. (*Compare* Proposed Am. Compl. ¶ 19 *with* ¶ 18[4].) Accepting this allegation as true, then the County, acting through the Sheriff, could not be liable for negligently supervising his own intentional conduct. *See* Tenn. Code Ann. § 29-20-205 ("Immunity from suit of all governmental entities is removed for injury proximately caused by a *negligent* act or omission . . . .") (emphasis added). While Bundy insists that the County Mayor and other high ranking County officials were also negligent in supervising these employees, she does not explain how they knew, or would have reason to know of the Sheriff's, Lieutenant Petty's, or other unnamed

---

[3] This reference is to Plaintiff's second paragraph numbered 18.
[4] This reference is to Plaintiff's second paragraph numbered 18.

employees' unfitness.  Bundy's failure to allege more than "[c]onclusory allegations or legal conclusions masquerading as factual allegations," *Eidson*, 510 F.3d at 634, demonstrates the futility of her proposed amended complaint.

## II.     Supplemental Jurisdiction

Alternatively, the County requests that the Court decline to exercise supplemental jurisdiction over Plaintiff's proposed TGTLA claim under 28 U.S.C. § 1367(c). (D.E. 24 at 2–3.) A TGTLA claim would typically confer supplemental jurisdiction in this Court, as it arises out of the same facts as Plaintiff's § 1983 claim and forms part of the same case or controversy.  *See* 28 U.S.C. § 1367(a).  However, "district courts have 'broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims,'" even if jurisdiction would otherwise be proper under § 1367(a).  *Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 196 F.3d 617, 620 (6th Cir. 1999) (quoting *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996), *amended on denial of reh'g*, 1998 WL 117980 (6th Cir. Jan. 15, 1998)).  Under § 1367(c), a district court may decline to exercise supplemental jurisdiction if

> (1)     the claim raises a novel or complex issue of State law,
>
> (2)     the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3)     the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4)     in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  The TGTLA states that Tennessee "circuit courts shall have exclusive original jurisdiction" over claims brought under its provisions.  Tenn. Code Ann. § 29-20-307. Moreover, the TGTLA requires claims brought under it to be in "strict compliance" with its terms.  *See* Tenn. Code Ann. § 29-20-201(c).  The Sixth Circuit has recognized that "the

7

Tennessee legislature expressed a clear preference that [TGTLA] claims be handled by its own state courts." *Gregory v. Shelby Cnty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000). Further, "[t]his unequivocal preference of the Tennessee legislature is an exceptional circumstance [under § 1367(c)(4)] for declining jurisdiction." *Id.* For these reasons, even had Plaintiff stated a plausible claim, the Court would not exercise its supplemental jurisdiction over her state law claim. *See McNeal v. City of Hickory Valley, Tenn.*, No. 01-1205, 2002 WL 1397249, at *3–4 (W.D. Tenn. June 4, 2002) (declining to exercise supplemental jurisdiction over the plaintiff's TGTLA claims raised in his amended complaint even though the court granted the plaintiff's motion to amend).

*Conclusion*

Bundy's proposed amended complaint would be futile because she has failed to state a plausible negligent supervision claim under the TGTLA. Further, the Court would not exercise supplemental jurisdiction over the TGTLA claim. Therefore, Plaintiff's motion to amend is DENIED.

IT IS SO ORDERED this 29th day of April, 2015.

              s/ J. DANIEL BREEN
              CHIEF UNITED STATES DISTRICT JUDGE